UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LYNDON HARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-2076-JAR |
| | ) | |
| ALYSON CAMPBELL, DIRECTOR, | ) | |
| FAMILY SUPPORT DIVISION, | ) | |
| DEPARTMENT OF SOCIAL SERVICES, | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alyson Campbell's Motion to Dismiss [ECF No. 23] and Motion for Summary Judgment. [ECF No. 39] Defendant's Motion to Dismiss is fully briefed. On February 22, 2013, this Court ordered Plaintiff to respond to Defendant's Motion for Summary Judgment by March 1, 2013, and that failure to do so would result in the Court ruling on Defendant's unopposed motion. (Doc. No. 42) Plaintiff has failed to respond. The Court elects to proceed on the motion for summary judgment.

**I**. **Background**

Plaintiff brings this action against Defendant Alyson Campbell, Director of the Family Support Division of the Missouri Department of Social Services ("FSD") in her individual capacity pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights under Article IV, Section II, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and Article 1 §§ 2 and 10 of the Missouri Constitution. Plaintiff alleges Defendant Campbell violated his statutory and constitutional rights by taking money from him for the reimbursement of the

Temporary Assistance to Needy Families (TANF f/k/a Aid to Families with Dependent Children) grant paid to his ex-wife, Christina Harr (f/k/a Stevenson) because (1) he was not in arrears in the repayment of the AFDC/TANF money, (2) Christina's assignment of support rights was ineffective during the period of time she received AFDC/TANF, and (3) none of the money paid was for the benefit of their child. Plaintiff seeks compensatory damages as well as a declaratory judgment pursuant to 28 U.S.C. § 2201, and injunctive relief pursuant to Fed.R.Civ.P. 65. Plaintiff also alleges a pendant state law claim for conversion and seeks compensatory damages, punitive damages and costs. (First Amended Complaint ("FAC"), Doc. No. 14)

Defendant moved to dismiss Plaintiff's action for lack of subject matter jurisdiction and failure to state a claim. Specifically, Defendant argued Plaintiff's original complaint is time barred under the five year statute of limitations applied to § 1983 cases in Missouri. In addition, Defendant argued that while Plaintiff alleges Defendant is liable for the actions of Missouri State employees under her direction, respondeat superior cannot form the basis for liability under § 1983. Moreover, Defendant maintains she is entitled to qualified immunity. Finally, Defendant argued that because Plaintiff fails to state a viable federal claim, the Court should not exercise supplemental jurisdiction over his pendant state law claim pursuant to 28 U.S.C. § 1367(a). Defendant now moves for summary judgment on the same grounds.

The following facts are taken as true.[1] Plaintiff and Christina were divorced on

---

[1] All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party. E.D.Mo. L.R. 7-4.01(E). (See Defendant's Statement of Uncontroverted Material Facts, Doc. No. 40-1) Plaintiff did not respond to the motion for summary judgment.

September 19, 1990. The Circuit Court of St. Louis County, Missouri awarded primary physical custody of the parties' child, Jennifer Harr, now an adult, to Christina and ordered Plaintiff to pay $160.00 per month as and for child support. (Exhibit A, Doc. No. 40-1, pp. 5-26 ("Order No. 587881") On October 30, 1990, Christina assigned her rights to receive child support under Order No. 587881 to the State of Missouri as a condition of receiving money from the Missouri Division of Family Services and/or Family Support Division for AFDC/TANF. (Exhibit C, Doc. No. 40-1, pp. 37-41)

On April 30, 2003, an administrative hearing was held to determine whether FSD had the statutory authority to intercept Plaintiff's Missouri Income Tax refund to set off against an alleged debt for past due child support. The agency's action was affirmed, and a decision issued on May 28, 2003. (Ex. E, Doc. No. 40-2, pp. 10-13)

On January 5, 2006, the Circuit Court of St. Louis County docketed and filed an Administrative Order on Existing Order ordering Plaintiff to pay $8,763.78 as and for the total arrearage balance on Order Number 587881.

On July 11, 2005, Plaintiff filed a second amended Petition for Declaratory Judgment in St. Louis County Circuit Court Cause Number 04-CC-3200 against the State of Missouri and Christina Harr, a/k/a Christina Stevenson. (Exhibit H, Doc. No. 40-2, pp. 25-28) On February 14, 2006, the Circuit Court dismissed Count I of the amended petition on the State's motion. (Exhibit I, Doc. No. 40-2, pp. 29-30) On April 21, 2006, the Circuit Court entered a default judgment in favor of Plaintiff and against Christina in the amount of $12,320.00, the amount Christina fraudulently collected from the State of Missouri and for which the State has pursued collection from Plaintiff. (Exhibit J, Doc. No. 40-1, pp. 31-34) In its Judgment, the Court did not abrogate Plaintiff's debt to the State of Missouri.

On March 19, 2008, another administrative hearing was held to determine if the agency had statutory authority to suspend Plaintiff's license(s) as a person who owes a child support arrearage greater than or equal to three months of support or $2,500, whichever is less. The agency's action was affirmed, and a decision issued on April 25, 2008. (Exhibit F, Doc. No. 40-2, pp. 14-18)

On April 6, 2011, Plaintiff signed a payment agreement acknowledging he owed past-due support equal to at least three months of current support or $2,500 on Order Number 587881.

On November 14, 2011, another administrative hearing was held to determine if the agency had statutory authority to encumber Plaintiff's assets by means of a lien on his account(s) at a financial institution. The agency's action was affirmed, and the agency was ordered to revise its presumptive share calculation, but not its arrearage determination. (Exhibit G, Doc. No. 40-2, pp. 20-24) As of December 11, 2012, Plaintiff owed $615.29 on Order No. 587881. (Exhibit B, Doc. No. 40-1, pp. 27-36)

On December 11, 2012, DFS prepared a Public Assistance Worksheet showing the total AFDC/TANF grant received by Christina for the support of the parties' minor child ($18,328.00), the total amount recouped ($10,854.71) and the total amount of unreimbursed assistance ($7,473.29). (Exhibit D, Doc. No. 40-2, pp. 1-9)

## II. **Legal Standard**

In determining whether summary judgment is appropriate in a particular case, the evidence must be viewed in the light most favorable to the nonmoving party. Osborn v. E.F. Hutton & Co., Inc., 853 F.2d 616, 619 (8th Cir. 1988). Summary judgment is appropriate when no genuine issue of material fact exists in the case and the movant is entitled to judgment as a

matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988).  If the record demonstrates that no genuine issue of fact is in dispute, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**III. Discussion**

**A. Qualified immunity**

Because qualified immunity is "an immunity from suit rather than a mere defense to liability," questions regarding immunity must be resolved at the earliest possible stage of litigation. Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987). Qualified immunity protects governmental officials from liability for civil damages if they have not violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity requires a two-part inquiry: (1) whether the facts as alleged, taken in the light most favorable to plaintiff, make out a violation of the right in question; and (2) whether that right was clearly established at the time of defendant's alleged misconduct. Atkins v. Epperly, 588 F.3d 1178, 1183 (8th Cir. 2009) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Only if Defendant Campbell's conduct, undertaken in her individual capacity as director of FSD, violated Plaintiff's constitutional rights, should the analysis proceed to the second step.

Defendant Campbell asserts she is entitled to qualified immunity because her actions were entirely consistent with  Chapter 454, RSMo., Enforcement of Support Law. Specifically,

her actions were based on the statutory authority to suspend a driver's license, Mo. Ann. Stat. §§ 454.1000 to 454.1010; intercept state income tax refunds, Mo. Ann. Stat. § 143.781.6; garnish wages, Mo. Ann. Stat. §§ 454.505 and 454.476; encumber assets by issuing a lien at a financial institution, Mo. Ann. Stat. § 454.507, and cancel a passport, Mo. Ann. Stat. § 454.511. Indeed, Plaintiff has participated in three different administrative hearings regarding actions taken by FSD regarding Order No. 587881, and in each instance, it was determined that FSD had the statutory authority to take the actions challenged by Plaintiff.

Moreover, the recent opinion of Trendle v. Campbell, 2011 WL 2899118 (E.D. Mo. July 19, 2011), *aff'd as modified by* Trendle v. Campbell, 465 Fed.Appx. 584 (8th Cir. 2010) (unpublished per curiam), holds under similar circumstances that Defendant Campbell is entitled to qualified immunity. In Trendle, plaintiff brought an action pursuant to § 1983 alleging Defendant Alyson Campbell, in her individual capacity as Director of the Missouri Department of Social Services, Family Support Division, violated his due process rights as a result of the temporary garnishment of his wages for child support. Defendant moved to dismiss, arguing, *inter alia*, that she was entitled to qualified immunity because her conduct in withholding plaintiff's wages pursuant to an administrative order did not violate his clearly established statutory or constitutional rights of which a reasonable person would have known. 2011 WL 2899118, at *2. The Court dismissed plaintiff's claims, finding the State of Missouri has a substantial interest in managing its citizens' domestic relations. Because the State "has developed a comprehensive scheme for the enforcement of domestic orders and collections relating thereto and has courts with expertise and experience in applying that scheme, this Court will abstain from determining plaintiff's instant due process claim which is inextricably

6

intertwined with issues that were subject to prior state adjudications." Id. at *5, citing Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994).

On appeal, the Eighth Circuit concluded that Defendant Campbell was entitled to qualified immunity, citing Schmidt v. Des Moines Publ. Sch., 655 F.3d 811, 817-18 (8th Cir. 2011); Akins, 588 F.3d at 1183, and modified the judgment to reflect that the dismissal of plaintiff's claim was with prejudice. 465 Fed.Appx. at 585.

Here, Plaintiff's cause of action arises from the alleged wrongful collection activity by FSD by and through its director Defendant Campbell in disregard of the fact that the AFDC/TANF money was fraudulently procured by Christina. Plaintiff contends the Circuit Court's April 21, 2006 judgment in his favor held Order Number 587881 in abeyance because there was a voluntary relinquishment of child custody to Jennifer's maternal grandmother during the period of time for which AFDC/TANF was paid and sought to be repaid.

The record before the Court demonstrates that Plaintiff unsuccessfully asserted this same argument before an administrative hearing officer in March 2008. In his opinion affirming FSD, the administrative hearing officer ruled that while Plaintiff had been made whole by the judgment in his favor, the judgment did not forgive his support obligation. Rather, the judgment awarded him a separate claim against Christina for the same amount. Any money he recovered from Christina could be used to satisfy his support obligation to the State, but the Judgment itself does not do so. "[Plaintiff] would be unjustly enriched if further credit were to be given to him in the form of relief of his support obligation. Additionally, the State of Missouri would be harmed by such a determination." (Doc. No. 40-2, p. 23)

7

Because Defendant's actions to recover the IV-D assigned arrears from Plaintiff were authorized by Chapter 454, and did not violate Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known, the Court finds and concludes Defendant is entitled to qualified immunity.

**B**. **Respondeat superior**

With respect to Plaintiff's allegation that Defendant Campbell also "incurred liability . . . for those actions of Missouri State employees under her direction," it is well established that the doctrine of respondeat superior cannot be the basis for liability under § 1983. See Perry v. Stubblefield, 2011 WL 2632665, at *2 (E.D. Mo. July 5, 2011) (citations omitted). (Doc. No. 40, pp. 8-9)

**C. Statute of Limitations**

Plaintiff also alleges his cause of action falls within any applicable statute of limitations. In response, Defendant argues that Plaintiff's original complaint, filed with this Court on November 30, 2011, is outside the five-year statute of limitations applied to 42 U.S.C. § 1983 cases in Missouri. See e.g., Farmer v. Cook, 782 F.2d 780 (8th Cir. 1986). (Doc. No. 40, p. 10) Defendant contends that the statute of limitations began to run on Plaintiff's cause of action against FSD no later than February 14, 2006, when the Circuit Court dismissed the State from his declaratory judgment action. (Doc. No. 40, pp. 10-11) The Court need not decide this issue. Even assuming Plaintiff's complaint was timely filed, his claims fail for the reasons discussed above. **D. Equitable relief**

Defendant argues Plaintiff is not entitled to declaratory or injunctive relief because he has not established an independent basis for this Court's jurisdiction. (Doc. No. 40, pp. 13-15)

8

Because Plaintiff cannot establish a violation of federally protected rights as the result of actions taken by Defendant to collect the IV-D assigned arrears on Order No. 587881, he is not entitled to equitable relief.

**E. State law claim**

Finally, district courts "may decline to exercise supplemental jurisdiction over" a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Defendants' motion for summary judgment is granted, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for conversion and will dismiss that claim without prejudice.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment will be granted as to Plaintiff's § 1983 claim and his state law claim will be dismissed. Defendant's motion to dismiss will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alyson Campbell's Motion for Summary Judgment [39] is **GRANTED** in part. Plaintiff's 42 U.S.C. § 1983 claims are dismissed. Plaintiff's state law claim for conversion is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Alyson Campbell's Motion to Dismiss [23] is **DENIED** as moot.

An appropriate Judgment will accompany this Memorandum and Order.

Dated this 27th day of March, 2013.

                                                                           _____
                                                                           JOHN A. ROSS
                                                                            UNITED STATES DISTRICT JUDGE